**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TRUMAN BRANDON KING,<br>*Plaintiffs,*<br><br>VS.<br><br>J.B. HUNT TRANSPORT, INC. AND JOHN DOE,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:24-cv-00031 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, TRUMAN BRANDON KING, and files this Original Complaint against Defendants, J.B. HUNT TRANSPORT, INC., and JOHN DOE, as follows:

**PARTIES**

1. Plaintiff, TRUMAN BRANDON KING, is an individual that is a citizen of the State of Texas, he resides in Victoria, Victoria County, Texas. The last 4 digits of his Social Security Number are 0923 and the last three digits of his driver's license are 432.
2. Defendant, J.B. HUNT TRANSPORT, INC. is a foreign for-profit corporation doing business in Travis County, in the State of Texas, which may be served with process pursuant to TRCP 106(a) through its registered agent for service: Corporation Service Company D/B/A +, Registered Agent, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever the agent may be found.
3. Defendant, JOHN DOE, driver of the J.B. Hunt commercial motor vehicle fled the scene of the accident. The name and address of the J.B. Hunt driver is known by J.B. Hunt and,

upon information and belief, was improperly withheld by J.B. Hunt to local law enforcement officials. Plaintiff believes the J.B. Hunt driver to be a Texas resident.

## JURISDICTION

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.
5. This is a lawsuit for personal injury damages in excess of $75,000 excluding interest and costs.
6. The Plaintiff and Defendants are citizens of different US states.
7. At all times material hereto, Defendants conducted Business in the State of Texas.

## VENUE

8. Venue is proper in this district under 28 USC §1391 (b) (2) because all or a substantial part of the events and the automobile accident giving rise to this lawsuit occurred in this district and the principal place of business of J.B. Hunt Transport, Inc. is in Travis County, Texas.

## FACTS

9. On or about October 18, 2023, Plaintiff, TRUMAN BRANDON KING, was travelling north bound in the left lane on IH 35W. At the same time, Defendant, JOHN DOE, the driver and employee of Defendant, J.B. HUNT TRANSPORT, INC., was traveling north bound in the right lane on IH 35W.
10. Suddenly, and without signaling Defendant J.B. HUNT TRANSPORT, INC.'S semi-tractor trailer driven by its driver, employee John Doe, attempted to change lanes. The J.B. Hunt 18-wheeler struck Plaintiff, TRUMAN BRANDON KING'S semi-tractor trailer pushing it off the roadway to the left where Plaintiff struck a cable barrier in the median. Plaintiff, TRUMAN BRANDON KING'S semi-tractor trailer came to a rest facing north bound in the median against the cable barrier.

11. Plaintiff, TRUMAN BRANDON KING, was hauling a highly flammable substance and, in fear his semi-tractor trailer would catch on fire, Plaintiff, TRUMAN BRANDON KING, rushed to kick his driver's door open in fear of his life. It took a couple of attempts before Plaintiff was able to get out of his semi-tractor trailer and move to safety. Plaintiff, TRUMAN BRANDON KING, noticed Defendant, JOHN DOE, pulled over further up the road, got out of his semi-tractor trailer, looked at the damage to his semi-tractor trailer and then fled the scene of the accident. Defendant, JOHN DOE, did not render aid to Plaintiff, TRUMAN BRANDON KING nor did he wait for the police to arrive.
12. Defendant JOHN DOE unsafely changed lanes and other acts of negligence outlined below when he crashed into him.
13. The collision caused by Defendant, JOHN DOE, occurred with such tremendous force that Plaintiff, TRUMAN BRANDON KING, suffered excruciating and painful injuries to his shoulder, arm, neck, and back. Plaintiff was battered, bruised and contused in this collision.
14. The negligent and reckless conduct of Defendants, J.B. HUNT TRANSPORT, INC., and its employee driver JOHN DOE, on the occasion in question was a proximate cause of the occurrence in question and of the injuries and damages suffered by Plaintiff.
15. Defendant, J.B. HUNT TRANSPORT, INC., was negligent in failing to properly train and supervise its employee, Defendant JOHN DOE.
16. Defendant, J.B HUNT TRANSPORT, INC., was negligent in hiring Defendant JOHN DOE.
17. Defendant, J.B. HUNT TRANSPORT, INC., was negligent in failing to monitor drivers to ensure proper documentation of compliance with statues and regulations governing.

18. Additionally, Defendant, J.B. HUNT TRANSPORT, INC., was negligent in failing to report to law enforcement officials and appropriate state agencies the name, address, and CDL number of its driver that fled the scene in accordance with state and federal regulations.

19. Defendant JOHN DOE, in addition to making an unsafe lane change, was negligent in the operation of his vehicle in failing to keep a proper lookout, failing to remain at the scene and render aid after a motor vehicle accident that results in serious injury or death in violation of Texas Transportation Code Section 550.021, failing to remain at the scene to meet his statutory duty to give information and render aid as required by Texas Transportation Code section 550.023.

**RESPONDEAT SUPERIOR**

20. At all times material hereto, Defendant JOHN DOE was the operator of the truck and trailer combination that was maintained and/or leased and/or operated by Defendants JOHN DOE and J.B. HUNT TRANSPORT, INC.

21. At all times material hereto, Defendant JOHN DOE was acting as an employee or statutory employee of and was within the course and scope of his employment or official duties for J.B. HUNT TRANSPORT, INC. and working in furtherance of the duties of his office, agency, or employment J.B HUNT TRANSPORT, INC.

22. Defendants, J.B. HUNT TRANSPORT, INC., as the employer of Defendant, JOHN DOE, is responsible for the negligent acts and/or omissions of Defendant J.B. HUNT TRANSPORT, INC. under the principles of *respondeat superior*.

**NEGLIGENCE**

24. The collision made the basis of this lawsuit resulted from the improper conduct of Defendants J.B. HUNT TRANSPORT, INC. and JOHN DOE. The conduct of Defendants J.B. HUNT TRANSPORT, INC. and JOHN DOE constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to the Plaintiff made the basis of this suit. Defendants' negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a. failing to control the operation of the vehicle;

b. failing to avoid the incident in question;

c. failing to keep a proper look out;

d. failing to apply the brakes properly and/or timely as to avoid a collision in violation of Texas Transportation Code §547.408(a)(3);

e. failing to make a safe lane change in violation of Texas Transportation Code §545.060(a);

f. driver inattention;

g. failing to signal that he was changing lanes;

h. failing to operate the vehicle in a safe manner;

i. failing to operate the vehicle as a person of ordinary prudence would have in the same or similar circumstance;

j. driving in a reckless manner in willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code §545.401, which constitutes *negligence per se*;

k. failure to remain at the scene and render aid after a motor vehicle accident that results in injury or death;

l. failure to remain at the scene and render aid after a motor vehicle accident that results in serious injury or death in violation of Texas Transportation Code Section 550.021;

m. failure to remain at the scene to meet his statutory duty to give information and render aid as required by Texas Transportation Code section 550.023; and

n. other acts of negligence and *negligence per se*.

25. Plaintiff would show the Court that the harm Plaintiff suffered is the type of harm which the above statutes are intended to prevent. Plaintiff would also show the Court that the Plaintiff was a member of a class of person of which the statutes were enacted to protect. Such violations amount to *negligence per se* and are the proximate cause of the occurrence in question.

26. Defendant, J.B. HUNT TRANSPORT, INC. was negligent in hiring and in failing to properly train and/or supervise Defendant, JOHN DOE.

27. One, some, or all of the foregoing acts and/or omissions on the part of Defendants, J.B. HUNT TRANSPORT, INC. and JOHN DOE, constituted negligence and such *negligence per se* and such negligence was a proximate cause of the occurrence of Plaintiff's injuries and damages.

**DAMAGES**

28. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, J.B. HUNT TRANSPORT, INC. and JOHN

DOE, the Plaintiff, TRUMAN BRANDON KING, sustained significant injuries and individual damages in the past and will, in reasonable probability, sustain damages in the future.

29. Plaintiff respectfully request that the trier of fact determine the amount of his damages and losses he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

(a) reasonable and necessary medical care and expenses in the past;

(b) reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;

(c) physical pain and suffering in the past;

(d) physical pain and suffering that will, in reasonable probability, be incurred in the future;

(e) physical impairment in the past;

(f) physical impairment that will, in reasonable probability, be suffered in the future;

(g) mental anguish in the past;

(h) mental anguish that will, in reasonable probability, be suffered in the future;

(i) out of pocket expenses;

(j) property damage and loss of use of his vehicle;

(k) past loss of earning capacity and lost wages; and

(l) future loss of earning capacity and lost wages.

30. Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now bring suit.

31. Plaintiff, TRUMAN BRANDON KING, seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which they may be entitled.

**JURY TRIAL DEMAND**

32. Plaintiff, TRUMAN BRANDON KING, demands and requests a trial by jury.

**PRAYER**

Wherefore, Plaintiff, TRUMAN BRANDON KING, prays that Defendants, J.B. HUNT TRANSPORT, INC. and JOHN DOE, be cited in terms of law to appear and answer herein, that this case be set for a trial by jury, that Plaintiff recover Judgment against Defendants for his damages as set forth above together with pre-judgment interest and post-judgment interest, cost of suit for compensatory and damages as well as costs, attorney fees, interest and any other relief monetary or equitable to which they are entitled.

Filed on the 9th day of January, 2024.

Respectfully Submitted,

Paul L. Sadler
State Bar No. 17512400
SADLER & SADLER
Of Counsel with Carabin & Shaw, P.C.
4372 N. Loop 1604 W., Suite 100
San Antonio, Texas 78249
Tel: (210) 908-7000
Fax: (210) 200-8695
ps@sadlerandsadler.com
***ATTORNEYS FOR PLAINTIFF***